IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| LONALD W. HEEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-cv-3165 |
| ) | |
| CAROLY W. COLVIN, ) | |
| Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Acting Commissioner Carolyn W. Colvin's Motion for Remand (d/e 16) (Motion).[1] The parties have consented to proceed with this matter before this Court. <u>Consent to Proceed Before a United States Magistrate and Order of Reference entered June 20, 2013 (d/e 18)</u>. Plaintiff Lonald W. Heeman does not object to the remand, but asks the Court to order the Commissioner to find him disabled and to award him benefits. <u>Plaintiff's Response to Defendant's Motion for Remand (d/e 17) (Response)</u>, at 1. An award of benefits on appeal is appropriate, "only if all factual issues

---

[1] The Court takes judicial notice that Carolyn W. Colvin is Acting Commissioner of Social Security. She is automatically substituted in as the proper party. Fed. R. Civ. P. 25(d).

involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." <u>Allord v. Astrue</u>, 631 F.3d 411, 415 (7th Cir. 2011). The Seventh Circuit already considered Heeman's case and remanded it for further proceedings rather than award benefits. <u>Heeman v. Astrue</u>, 414 Fed. Appx. 864 (7th Cir. 2011). Heeman argues that the Administrative Law Judge (ALJ) failed to follow the Seventh Circuit's instructions. <u>Response</u>, at 1-2. If so, the Commissioner has not yet resolved all factual issues in accordance with the Seventh Circuit's directions. The Court, therefore, will allow the Motion, but will not award benefits at this time because factual issues remain.

　　　WHEREFORE Defendant Acting Commissioner Carolyn W. Colvin's Motion for Remand (d/e 16) is ALLOWED. The decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner is directed to assign this matter to a new Administrative Law Judge on remand who shall conduct a de novo hearing on the matter.

ENTER:  June 25, 2013

　　　　　　　　　　　　　　　　　　*s/ Byron G. Cudmore*
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE